Hillsborough,
No. 4576.

SHELL OIL COMPANY *v.* MANCHESTER.

Argued May 7, 1957.
Decided June 20, 1957.

*Broderick, Manning & Sullivan (Mr. Manning* orally), for the plaintiff.

*J. Francis Roche,* city solicitor (by brief and orally), for the defendant.

BLANDIN, J.  The issues before us are first, whether s. 14(5) of the zoning ordinance of the city of Manchester creates an exception or a variance, and secondly, if it creates an exception is the plaintiff "automatically entitled to a permit on compliance with the requirements set forth therein . . . ?"  The Trial Court has ruled

that *s.* 14(5) "sets up a special exception." Both parties urge that this ruling be sustained and the record supports the conclusion that the purpose of the section was to create a special exception rather than a variance. The material portions of the ordinance state that "in addition to the general powers granted said Board by said Section 7 [*c.* 92, Laws 1925] it may, in harmony with and subject to its provisions . . . (5) permit a garage, filling station . . . provided there are on file with the Board the written consents of the owners of seventy-five per cent of all the frontage of the following property." The section then goes on to specify the property included and closes as follows: "In the case of a garage in a single or general residence or apartment house district the business of repairing shall not be conducted and not more than one commercial automobile shall be stored.

Section 7, chapter 92, Laws 1925 (RSA 31:66-72, 74-75), provides as far as material here that the board of adjustment "may in appropriate cases and subject to appropriate conditions and safeguards, make special exceptions to the terms of the ordinance in harmony with its general purpose and intent and in accordance with the general or specific rules therein contained." Section 1, chapter 92, Laws 1925 (RSA 31:60) provides that the cities and towns are empowered to make zoning regulations "for the purpose of promoting health, safety, morals, or the general welfare of the community."

No question is raised as to the sufficiency of the standards set for the guidance of the board by the above sections in determining whether conditions exist in a particular instance to warrant the granting of a special exception, and no issue of the invalidity of *s.* 14(5) on this or any other ground is before us. No exceptions were taken by either party to the finding that *s.* 14(5), which is subject to the requirement of *s.* 14 that the use be "in harmony with and subject to its provisions," was complied with. Thus, there remains to consider only the correctness of the Court's ruling that upon compliance with this section the plaintiff was entitled to a permit as a matter of law. Upon this issue the case of *Stone* v. *Cray,* 89 N. H. 483, seems decisive. There the Court after full discussion of the matter spoke as follows: "Thus it appears that the terms of the ordinance are to define the cases or conditions in or upon which the exceptions are allowable, *and the board's only function* in respect to exceptions is to decide if the conditions exist which make the case an 'appropriate' one." *Id.,* 487. (Emphasis

supplied). Authorities elsewhere depending on different statutes and facts which might be thought to support a different result are distinguishable and in any event they are not controlling here. It follows that the answers to the transferred questions arc that *s*. 14(5) creates an exception; the plaintiff is entitled to a permit upon compliance with the section and the only function of the board is to determine whether the requirements established by *s*. 14 have been met. The order is

*Decree for the plaintiff.*

All concurred.